IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TEIQUON LEWIS,**<br><br>                           Petitioner,<br><br>         v.<br><br>**JEFF MACOMBER, Warden,**<br><br>                           Respondent. | Case No. 1:16-cv-00134 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 14]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, California State Prison Sacramento is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California.

I.      **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a 1999 judgment of the Superior Court of California, County of Solano, for four counts of robbery, one count of attempted robbery and various enhancements. (See E.D.Cal. Case No. 2:05-cv-01136-GEB-EFB, ECF Nos. 45, 47.) Petitioner was sentenced to an indeterminate state prison term of one hundred and fifty (150) years to

1

life. (Id.) However, Petitioner does not challenge that conviction by way of the present petition for writ of habeas corpus.[1]

Instead, Petitioner challenges a prior 1993 conviction for which he is no longer incarcerated. On July 21, 1993, Petitioner plead guilty to second degree robbery and various enhancements in Fresno County Superior Court. (Lodged Doc. 1.) On the same date, Petitioner was sentenced to a determinate term of eight years in state prison. (Id.) Petitioner did not directly appeal the conviction. However, Petitioner did file five post-conviction collateral challenges to the conviction in the forms of petitions for writ of habeas corpus. Specifically, he filed two petitions in 2003, and three additional petitions in 2015. (Lodged Docs. 3-10.) All of the petitions were denied. (Id.)

On January 6, 2016, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[2] On March 25, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and based on Petitioner's failure to present cognizable claims. (ECF No. 14, Mot. to Dismiss.) Petitioner filed an opposition to the motion on April 7, 2016. (ECF No. 15.) The matter stands ready for adjudication.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

---

[1] Nor could he. Petitioner already sought and was denied federal habeas relief with regard to that conviction. (See E.D.Cal. Case No. 2:05-cv-01136-GEB-EFB, ECF Nos. 45, 47.) Any attempt to again challenge that conviction would be considered a second or successive petition and would require permission from the Ninth Circuit Court of Appeals before proceeding to file a petition with this Court.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on January 20, 2016, the petition shall be considered filed on January 6, 2016, the date Petitioner signed the petition.

Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on January 6, 2016 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. Because Petitioner's conviction became final in 1993, prior to the enactment of AEDPA, his one-year period for filing a habeas petition in federal court began on AEDPA's effective date of April 24, 1996. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001); Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009). The AEDPA statute of limitations began to run the following day, on April 25, 1996. Patterson, 251 F.3d at 1246.

**C.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner did not file any post-conviction challenges to the judgment during the one year limitations period. Therefore, the period commenced on April 25, 1996 and expired on year later on April 24, 1997.

The statute of limitations expired eighteen years before the instant federal petition was filed on January 6, 2016. While Petitioner filed five post-conviction challenges starting in 2003, petitions filed after the expiration of the statute of limitations period have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The instant federal petition is untimely.

### D. **Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Petitioner has not presented any grounds for equitable tolling in his petition or opposition to the motion to dismiss. Petitioner is not entitled to equitable tolling.

### E. **Failure to State Cognizable Claim**

Respondent argues that Petitioner's claims are not cognizable and must be

5

dismissed as there is no constitutional right to attack a prior conviction that enhanced his present sentence if the prior petition is no longer open to collateral attack. The Court agrees. There is no federal constitutional right to attack a prior state conviction, "once a conviction is no longer open to direct or collateral attack in its own right." <u>Nunes v. Ramirez-Palmer</u>, 485 F.3d 432, 443 (9th Cir. 2007) (citing <u>Lackawanna County Dist. Atty. v. Coss</u>, 532 U.S. 394, 403 (2001)). Petitioner's challenges to his 1993 conviction are untimely. The fact that the challenged conviction may have enhanced his present sentence does not open the prior conviction to renewed attack. Petitioner is not entitled to federal habeas review of this conviction, and the petition must be dismissed.

## III. **CONCLUSION**

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling, and the federal petition is untimely filed. Furthermore, there is no federal basis for challenging a prior conviction that is no longer open to direct or collateral attack. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV. **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and

Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   April 13, 2016                        /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE